Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished and after closing arguments, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt.  Indeed, the defendant is presumed by the law

to be innocent.  The law does not require the defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt as to the charges in the indictment, and, if it fails to do so, you must find the defendant not guilty as to that charge.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

As stated earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses, the exhibits admitted in the record, stipulations agreed to by the parties and any facts of which the court has taken judicial notice. Remember that what the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between direct and circumstantial evidence.

Also, you should not assume from anything I may have said or done that I have an opinion concerning any of the issues before you in this case. Except for my instructions to you, you should disregard anything I may have said in arriving at your own decision

3

concerning the facts.

If you have taken notes, please remember that your notes are not evidence.  You should keep your notes to yourself.  They can only be used to help refresh your personal recollection of the evidence in the case.

If you cannot recall a particular piece of evidence, you should not be overly influenced by the fact that someone else on the jury appears to have a note regarding that evidence.

Remember, it is your recollection and the collective recollection of all of you upon which you should rely in deciding the facts in this case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone or smart phone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot

talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations when all jurors are present. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

It is important that you decide this case based solely on the evidence presented in this courtroom.

Single Defendant Charged with Multiple Crimes

The defendant has been charged with six crimes.  The number
of charges is no evidence of guilt, and this should not influence
your decision in any way.  It is your duty to separately consider
the evidence that relates to each charge, and to return a separate
verdict for each one.  For each charge, you must decide whether
the government has presented proof beyond a reasonable doubt that
the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not
guilty, should not influence your decision on any of the other
charges.

<u>Stipulations</u>

While we were hearing evidence, you were told that the government and the defendant agreed, or stipulated, to certain facts. This means, simply, that the government and the defendant both accept these facts. There is no disagreement over these facts, so there was no need for evidence by either side on these points. You may accept these facts, even though nothing more was said about them one way or the other. This, of course, is all for you the jury to decide.

The parties in this case have stipulated as follows:

1.   The United States and LORENZO DAVIS agree that the defendant, LORENZO DAVIS, was a convicted felon on and prior to the dates of the charged conduct, July 26 and July 27, 2018, as described at 18 U.S.C. § 922(g)(1), and knew that he was a convicted felon as of those dates.

2.   At all times material to Count 1 of the indictment in this case, the deposits and accounts of MetaBank were insured by the Federal Deposit Insurance Corporation (FDIC).

7

4.   The 2001 Toyota Solara at issue in this case was either transported or shipped or received in interstate or foreign commerce.

3.   Memphis, Tennessee is within the Western District of Tennessee.


Further, the parties are in agreement that the aforementioned facts have been proven beyond a reasonable doubt by this stipulation.

<u>Number of Witnesses</u>
<u>Credibility</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning a particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning a fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from

9

the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

<u>A Defendant's Testimony</u>

A defendant has the absolute right not to testify. The fact that the defendant did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant is guilty beyond a reasonable doubt.   It is not up to the defendant to prove that he is innocent.

<u>Law Enforcement Witnesses</u>

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the city, county, state or federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of each law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Opinion Testimony

You have heard the testimony of Special Agent Nathan Gathright
and Special Agent Jason Crenshaw who rendered opinions in this
case. A witness who is allowed to render an opinion has special
knowledge or experience that allows him to give an opinion.

You do not have to accept the opinion of a witness. In
deciding how much weight to give it, you should consider the
witness's qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's
testimony to believe, and how much weight it deserves.

<u>Indictment Not Guilty Plea</u>

I told you at the outset that this case was initiated through an indictment.  An indictment is but a formal method of accusing the defendant of a crime.  It includes the government's theory of the case, and we will be going over in a few minutes the substance of the indictment.  The indictment is not evidence of any kind against an accused.

The defendant has pleaded not guilty to the charges contained in the indictment.  This plea puts in issue each of the essential elements of the offenses as described in these instructions and imposes upon the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

I will read the indictment to you once again so that you are well aware of the charges made in the indictment.

The indictment reads:

[READ INDICTMENT]

<u>Count 1</u>
<u>Bank Robbery</u>
<u>18 U.S.C. § 2113</u>


Title <u>18, United States Code, Sections 2113(a)</u> and <u>2113(d)</u>, make it a crime for anyone to take from a person by force and violence or by intimidation any money in the possession of a federally insured bank, and in the process of so doing to assault any person or put in jeopardy the life of any person by the use of a dangerous weapon or device.


For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:


*First*: That the defendant intentionally took from the person money;


*Second*: That the money belonged to or was in the possession of a federally insured bank, credit union, or savings and loan association at the time of the taking;


*Third*: That the defendant took the money by means of force and violence or by means of intimidation; and

15

*Fourth*: That the defendant assaulted some person or [put in jeopardy the life of some person] by the use of a dangerous weapon or device, while engaged in taking the money.

Now I will give you more detailed instructions on some of these terms.

A "federally insured bank" means any bank with deposits insured by the Federal Deposit Insurance Corporation. The parties have stipulated to this fact. Therefore, you may determine that the second element has been satisfied. This, of course, is for you, the jury to decide.

To take "by means of intimidation" is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm. It is not necessary to prove that the alleged victim was actually frightened, and neither is it necessary to show that the behavior of the defendant was so violent that it was likely to cause terror, panic, or hysteria. However, a taking would not be by "means of intimidation" if the fear, if any, resulted from the alleged victim's own timidity rather than some intimidating conduct on the part of the defendant. The essence

16

of the offense is the taking of money or property accompanied by intentional, intimidating behavior on the part of the defendant.

An "assault" may be committed without actually striking or injuring another person. An assault occurs whenever one person makes a threat to injure someone else and also has an apparent, present ability to carry out the threat, such as by brandishing or pointing a dangerous weapon or device at the other.

A "dangerous weapon or device" includes anything capable of being readily operated or wielded by one person to inflict severe bodily harm or injury upon another person.

To "put in jeopardy the life of any person by the use of a dangerous weapon or device" means to expose someone else to a risk of death by the use of a dangerous weapon or device.

17

<u>Count 3</u>
<u>Carjacking</u>
<u>18 U.S.C. § 2119</u>

Count 3 of the indictment charges the defendant with carjacking a 2001 Toyota Solara automobile. The relevant statute on the subject is 18 U.S.C. § 2119 which provides, in relevant part, that:

> Whoever, with intent to cause . . . serious bodily injury takes a motor vehicle that has been transported, shipped, and received in interstate or foreign commerce from the presence of another by force or violence or by intimidation [shall be guilty of a crime].

In order to meet its burden of proof that a defendant committed carjacking, the government must establish beyond a reasonable doubt each of the following elements as to the defendant you are considering.

*First*: that the defendant acted with the intent to cause serious bodily injury;

*Second*: that the defendant took a motor vehicle;

*Third*: that the motor vehicle was either transported or

shipped or received in interstate or foreign commerce;

*Fourth*: that the defendant took the motor vehicle from the person or presence of another;

*Fifth*: that the defendant took the vehicle by force and violence or by intimidation; and

*Sixth*: that the victim, Calvin Marion, suffered serious bodily injury.

Now I will give you more detailed instructions on some of these terms.

<u>Count 3</u>
<u>The First Element</u>
<u>Intent to Cause Serious Bodily Injury</u>

The first element the government must prove beyond a reasonable doubt is that the defendant acted with intent to cause serious bodily harm.

To establish this element, the government must prove that at the moment the defendant demanded or took control of the vehicle, the defendant possessed the intent to seriously harm or kill the victim and/or driver if the victim and/or driver resisted, even if the victim and/or driver did not in fact resist and no attempts to inflict such harm were made.

Evidence that the defendant intended to frighten the victim and/or driver is not sufficient by itself to prove an intent to harm or kill. It is, however, one of the facts you may consider in determining whether the government has met its burden.

20

<u>Count 3</u>
<u>The Second Element</u>
<u>Taking a Motor Vehicle</u>

The second element which the government must prove beyond a reasonable doubt is that on or about July 27, 2018, the defendant took a motor vehicle.  The specific motor vehicle named in this charge is a 2001 Toyota Solara.

To take a motor vehicle means to acquire possession or control of the vehicle for a period of time.  The government does not have to prove that the defendant intended to permanently deprive the owner of possession of the vehicle.

<u>Count 3</u>
<u>The Third Element</u>
<u>Interstate Commerce</u>

The third element which the government must prove beyond a
reasonable doubt is that the motor vehicle, the 2001 Toyota Solara,
was either transported or shipped or received in interstate or
foreign commerce.   The parties have stipulated to this fact.
Therefore, you may determine that this element has been satisfied.
This, of course, is for you, the jury, to decide.

<u>Count 3</u>
<u>The Fourth Element</u>
<u>Taking the Vehicle from the Person of Another</u>


The fourth element which the government must prove beyond a reasonable doubt is that on or about July 27, 2018, the defendant took the motor vehicle from the person or presence of another. To prove that the defendant took the vehicle from the person or presence of another, the government must prove that the driver and/or victim was sufficiently within reach, inspection or observation of the vehicle that he or she could have retained his or her possession of it, if not overcome by violence or prevented by fear.


Also, the government does not have to prove that the driver and/or victim was forced to leave the vehicle as long as it proves that the defendant had control of the situation.

<u>Count 3</u>
<u>The Fifth Element</u>
<u>Use of Force, Violence, or Intimidation</u>


The fifth element which the government must prove beyond a reasonable doubt is that the defendant took the vehicle by force and violence or by intimidation.


The government can meet its burden on this element by proving beyond a reasonable doubt, that when taking the motor vehicle from the person, the defendant you are considering either used force or violence, or that the defendant acted in an intimidating manner. The government does not have to prove that the defendant used force or violence if it proves that the defendant acted in an intimidating manner.


The phrase intimidating manner means that the defendant said or did something that would make an ordinary person fear bodily harm. However, it is not necessary for the government to prove that the victim and/or driver was actually frightened in order to establish that the defendant acted in an intimidating manner. Your focus should be on the defendant's behavior. Although the government does not have to show that the defendant's behavior caused or could have caused terror, panic, or hysteria, the

government does have to show that an ordinary person would have
feared bodily harm because of it.


    The government also does not have to prove that the defendant
made explicit threats of bodily harm.  If you find that the
defendant confronted the victim and/or driver in such a way that
it would reasonably create a fear of bodily harm, that is
sufficient.


    Evidence that an unusually timid victim was actually
intimidated by the defendant's conduct is not, by itself, proof
that the defendant engaged in intimidating conduct, although you
may take evidence that the victim and/or driver was actually placed
in fear of bodily harm as evidence of how a reasonable person would
have reacted.  The government must prove, beyond a reasonable
doubt, that an ordinary person not just the unusually timid victimB
would have experienced fear of bodily harm because of what the
defendant did or said.

Count 3
The Sixth Element
Serious Bodily Injury

The sixth element which the government must prove beyond a
reasonable doubt is that the carjacking resulted in serious bodily
injury to the victim.  Serious bodily injury means an injury that
involves a substantial risk of death, or extreme physical pain, or
long term and obvious disfigurement, or the long-term loss or
impairment of a function of a bodily member or organ, or the long-
term loss or impairment of a mental function.

<u>Count 3</u>
<u>Lesser Included Offense</u>

The charge in Count 3 - carjacking with serious bodily injury resulting - includes the lesser charge of carjacking with <u>no</u> serious bodily injury resulting.  If you find that the government has not proved the element of serious bodily injury but has proved the other five (5) elements mentioned above beyond a reasonable doubt, you may find the defendant guilty of carjacking with <u>no</u> serious bodily injury resulting.

27

<u>Counts 2 and 4</u>
<u>Use and Carry of a Firearm During a Crime of Violence</u>
<u>18 U.S.C. § 924(c)</u>

Having charged you with Counts 1 and 3, I will now move on to Counts 2 and 4. Counts 2 and 4 of the indictment charge the defendant with using and carrying a firearm during and in relation to a crime of violence.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

For Count 2, *first*: That the defendant committed the crime charged in Count 1. Bank robbery is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the defendant knowingly used and carried a firearm.

*Third*: That the use or carrying of the firearm was during and in relation to the crime charged in Count 1.

Count 2 has an added element: That the defendant brandished

28

a firearm.

For Count 4, *first*: That the defendant committed the crime charged in Count 3. Carjacking is a crime of violence which may be prosecuted in a court of the United States.

*Second*: That the defendant knowingly used and carried a firearm.

*Third*: That the use or carrying of the firearm was during and in relation to the crime charged in Count 3.

Count 4 also has an added element: That the defendant discharged a firearm.

Now I will give you more detailed instructions on some of these terms.

To establish use, the government must prove active employment of the firearm during and in relation to the crimes charged in Counts 1 and 3. Active employment means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. Use also

includes a person's reference to a firearm in his possession for
the purpose of helping to commit the crime charged in Counts 1 and
3.  Use requires more than mere possession or storage.

Carrying a firearm includes carrying it on or about one's
person.

"Brandishing" a firearm includes displaying all or part of
the firearm, or otherwise making the presence of the firearm known
to another person, in order to intimate that person, regardless of
whether the firearm was directly visible to that person.

The term firearm means any weapon which will or is designed
to or may readily be converted to expel a projectile by the action
of an explosive.  The firearm need not be loaded.

The term during and in relation to means that the firearm
must have some purpose or effect with respect to the crime charged
in Counts 1 and 3; in other words, the firearm must facilitate or
further, or have the potential of facilitating or furthering the
crimes charged in Counts 1 and 3; and its presence or involvement
cannot be the result of accident or coincidence.

The term knowingly means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

<u>Counts 5 & 6</u>
<u>Felon in Possession of a Firearm</u>
<u>18 U.S.C. 922(g)</u>

Counts 5 and 6 of the indictment charge the defendant with being a convicted felon in possession of a firearm.

The relevant statute on the subject is 18 U.S.C. § 922(g) which provides:

It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm; or to receive any firearm which has been shipped or transported in interstate commerce.

Counts 5 & 6
Elements of the Offense

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty as to Counts 5 and 6:

*First*: that the defendant has been previously knowingly convicted of a crime punishable by imprisonment for a term exceeding one year, as charged.  The government and the defendant have agreed that defendant has previously been knowingly convicted of a crime punishable by imprisonment for more than one year;

*Second*: that the defendant, following his conviction, knowingly possessed the firearm specified in the indictment.

*Third*: that the specified firearm crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Tennessee.

Like before, some of these words have very specific meanings under the law, which I will now further define for you.

<u>Counts 5 & 6</u>
<u>The First Element</u>
<u>Defendant's Prior Conviction</u>


The first element the government must prove beyond a
reasonable doubt is that before the date the defendant is charged
with possessing the firearm, the defendant had been knowingly
convicted of a crime punishable by imprisonment for a term
exceeding one year.


The government and the defendant have stipulated that before
July 26 and July 27, 2018, the defendant had been knowingly
convicted of a crime punishable by imprisonment for a term
exceeding one year.


Therefore, you may determine that the first element has been
satisfied.  This, of course, is for you, the jury to decide.


I instruct you that the prior conviction is an element of the
charge here and is not disputed.  However, it is only to be
considered by you for the fact that it exists and for nothing else.


You may consider defendant's prior conviction for that limited
purpose.  You may not consider the prior conviction in deciding

whether the defendant was in knowing possession of the firearm.

Counts 5 & 6
The Second Element
Possession of a Firearm

The second element which the government must prove beyond a reasonable doubt as to Counts 5 and 6, is that on or about the dates set forth in the indictment the defendant knowingly possessed the firearm specified in the indictment.

<u>Counts 5 & 6</u>
<u>Definition of a Firearm</u>


        For purposes of 18 U.S.C. § 922(g), a "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.


        Therefore, you may determine that this weapon is a firearm. This, of course, is for you, the jury to decide.

<u>Counts 5 & 6</u>
<u>Knowingly Defined</u>


The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

<u>Counts 5 & 6</u>
<u>Actual or Constructive Possession</u>

As to possession, the government does not necessarily have to prove that the defendant physically possessed the firearm in Counts 5 and 6 for you to find him guilty of those crimes. The law recognizes two kinds of possession — actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over the firearm at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of

it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm charged in Counts 5 and 6, and knew that he did, for you to find him guilty of these crimes. This, of course, is all for you to decide.

<u>Counts 5 & 6</u>
<u>Joint Possession</u>


There is one other type of possession applicable here—joint possession.  The government does not have to prove that the defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property.  And if they do, both are considered to have possession as far as the law is concerned.


But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of these crimes. This, again, is all for you to decide.

<u>Inferring Required Mental State</u>

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But, a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

                                                              <u>Flight</u>


        You have heard testimony that after the crime was supposed to
have been committed, the defendant fled from officers.


        If you believe that the defendant fled, then you may consider
this conduct, along with all the other evidence, in deciding
whether the government has proved beyond a reasonable doubt that
he committed the crime charged.  This conduct may indicate that
he thought he was guilty and was trying to avoid punishment.  On
the other hand, sometimes an innocent person may flee for some
other reason.  The defendant has no obligation to prove that he
had an innocent reason for his conduct.

<u>On or About</u>

Next, I want to say a word about the date mentioned in the indictment.

The indictment alleges that the crimes happened on or about particular dates. The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

<u>Summary</u>

If you find that the government has proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out under these instructions, then you must return a verdict of guilty for that count.  If you find that the government has not proved beyond a reasonable doubt each of the elements of the offense charged in the count you are considering as set out in these instructions, then you must return a verdict of not guilty as to that count.

I caution you, members of the jury, that you are here to determine from the evidence in this case whether the defendant is guilty or not guilty of the crimes set out in the indictment.  The defendant is on trial only for the specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury, in any way, in deciding the case.  If the defendant is convicted, the matter of punishment is for the court to determine.

You are here to determine the guilt or innocence of the

accused defendant from the evidence in this case.  You are not
called upon to return a verdict as to the guilt or innocence of
any other person or persons.  You must determine whether or not
the evidence in the case convinces you beyond a reasonable doubt
of the guilt of the accused without regard to any belief you may
have about the guilt or innocence of any other person or persons.


    Any verdict you reach in the jury room, whether guilty or not
guilty, must be unanimous.  In other words, to return a verdict
you must all agree.  Your deliberations will be secret; you will
never have to explain your verdict to anyone.


    It is your duty as jurors to discuss the case with one another
in an effort to reach agreement if you can do so.  Each of you
must decide the case for yourself, but only after full
consideration of the evidence with the other members of the jury.
While you are discussing the case, do not hesitate to re-examine
your own opinion and change your mind if you become convinced that
you were wrong.  But do not give up your honest beliefs solely
because the others think differently or merely to get the case
over with.

    Remember, that in a very real way you are judges -- judges of
the facts.

When you go to the jury room you should first select one of your members to act as your presiding juror. The presiding juror will preside over your deliberations and will speak for you here in court. Be sure to only discuss the case when everyone is present, so everyone can be a part of all of the deliberations.

A verdict form has been prepared for your convenience. The verdict form will be placed in a folder and handed to you by the Court Security Officer. At any time that you are not deliberating (i.e., when at lunch or during a break in deliberations), the folder and verdict form should be delivered to the Court Security Officer who will deliver it to the courtroom Deputy Clerk for safekeeping.

[READ VERDICT FORM]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your presiding juror fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to

the Court Security Officer who will bring it to my attention.  I
will then respond as promptly as possible after conferring with
counsel, either in writing or by having you return to the
courtroom, so that I can address you.  Please understand that I
may only answer questions about the law and I cannot answer
questions about the evidence.  I caution you, however, with regard
to any message or question you might send, that you should not
tell me your numerical division at the time.


    If you feel a need to see the exhibits which are not being
sent to you for further examination, advise the Court Security
Officer and I will take up your request at that time.


    Any questions about the process?


    We will now hear closing arguments by counsel.


[CLOSING ARGUMENT]
    You may now retire to begin your deliberations.   Remember
to only discuss the case when everyone is present, and your first
order of business is to choose a presiding juror.